UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAMEER BAKER #493780,

        Plaintiff,                            Hon. Hala Y. Jarbou

v.                                      Case No. 2:24-cv-191

JESSICA VELMER, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff Lameer Baker, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF), filed a complaint pursuant to 42 U.S.C. § 1983 on November 12, 2024, against several MDOC employees based on events that occurred at AMF from January 2022 through January 2023. The only remaining claim in this action is Baker's Eighth Amendment claim against Dental Assistant Jessica Velmer alleging deliberate indifference to his serious dental need. (ECF No. 19 (dismissing claims against Defendants Jeffery and Corrigan).)

Presently before me is Defendant Velmer's Motion for Summary Judgment. (ECF No. 24.) Baker has failed to respond to the motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** the motion and dismiss the complaint with prejudice.

---

[1] Although Baker is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley*, No. 2:05-cv-773,

## I.  Background

Baker alleges that in January 2022, an unknown dentist treated his upper-back tooth on the right-hand side with a filling. Shortly thereafter, he began to experience problems with the filling when chewing or making other motions with his mouth. On June 14, 2022, while Baker was eating, the filling fell out, leaving a hole in his tooth that was very painful. (ECF No. 1 at PageID.3.) Baker alleges he submitted a healthcare request the same day to be seen for his tooth and that Healthcare responded on June 21, 2022, informing him that he was "on the list." (*Id.*) As of August 31, 2022, Baker had yet to be seen, and he submitted a second request with more details. He alleges that Defendant Velmer responded to the kite by simply informing Plaintiff, "You are already on the list." (*Id.*)

### *Baker's Dental Records*

Contrary to Baker's allegations, his dental records do not show that he had a dental filling in any tooth in January 2022. (ECF No. 25-4.) On April 14, 2021, Baker had a filling in tooth #16. (*Id.* at PageID.175–76.) On September 16, 2021, Baker had a filling in tooth #21. (*Id.* at PageID.177–78.) Both of these fillings were on the left, not right, side of Baker's mouth. (ECF No. 25-7.)

On April 12, 2022, Baker sent a kite requesting a routine checkup and cleaning, which did not mention any issue with pain or need for a filling. (ECF No. 25-4 at PageID.179.) On April 26, 2022, Baker was called out for dental care. He had a check-up and cleaning and x-rays were taken. No issue with pain or need for a filling was noted. (*Id.* at PageID.180–81.)

On June 21, 2022, Baker sent healthcare a kite indicating that a filling fell out while he was flossing the tooth. A non-party responded indicating that Baker was on the list to be called out by

2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

2

a dentist. (*Id.* at PageID.181.) On September 2, 2022, Baker sent another kite referring to his previous kite and stating that he had a filling fall out, leaving a hole in his tooth and making it impossible to eat on the right side of his mouth. Defendant Velmer responded to this kite stating that Baker was already on the list to be seen by a dentist. (*Id.* at PageID.182.)

On January 6, 2023, Baker sent another kite stating that he had "kited for months now about [his] tooth" and that it was "tremendously painful" if he tried to eat on the right side of his mouth. Velmer responded the same day noting that Baker was already on the list. (*Id.* at PageID.183.) Velmer also scheduled Baker for an emergency triage evaluation with a dentist and he was seen the same day to ensure there were no emergent issues. (*Id.* at PageID.184–86.) The dental records indicate no bleeding or drainage was present at the site of the tooth on the upper right. (*Id.* at PageID.184.) The dentist evaluated Baker and prescribed antibiotics and pain medication. (*Id.* at PageID.185–86.) The dentist determined that there was no emergency and that Baker would be called out for a filling when it was his turn on the list. (ECF No. 25-3 at PageID.167; ECF No. 25-4 at PageID.185.)

On January 10, 2023, Baker saw the dentist and received a dental filling in tooth #5. The dental record does not note a "gaping hole" or any serious issue. (*Id.* at PageID.187–88.) The filling resolved Baker's dental complaints. (ECF No. 25-3 at PageID.169.)

### *Velmer's Affidavit*

In her affidavit, Velmer states that she first began working for the MDOC at the end of July 2022 and her first contact with Baker concerned his September 2, 2022 kite. After she received it, she reviewed the scheduling system and noted that Baker was already on the list for a dental filling. She responded to Baker the same day. (ECF No. 25-5 at PageID.190–91.) When Velmer received Baker's January 6, 2023 kite, she saw that Baker reported he was in pain and had not yet been seen

for a filling. She therefore added him to the list for an emergency triage appointment, and he was seen the same day. (*Id.* at PageID.191.) Baker had the filling done on January 10, 2023. (*Id.*)

Velmer states that she is responsible for scheduling the more than 800 prisoners housed at AMF for dental care and must rely on the scheduling system to ensure that prisoners are seen in the order they are placed on the list. (*Id.*) As a dental assistant, Velmer may not diagnose prisoners or move them up or down the list. She may do so only at the direction of a dentist. Velmer's main duties are to log treatment data, maintain patient records, clean and sterilize equipment, answer phones, and schedule appointments. She cannot make or change treatment plans, do dental cleanings, order dental treatment, or order a dentist to perform dental treatment. (*Id.* at PageID.191–92.)

## II.  Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment

to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)).

### III.    Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations that occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Punishment that is without penological justification or involves the unnecessary and wanton infliction of pain also violates the Eighth Amendment's proscriptions. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). In other words, the Eighth Amendment prohibits "the gratuitous infliction of suffering." *Gregg v. Georgia*, 428 U.S. 153, 183 (1976).

The unnecessary and wanton infliction of pain encompasses "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001). Determining whether denial of medical care amounts to an Eighth Amendment violation involves two steps. First, the court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need" sufficient to implicate the Eighth Amendment is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004), the plaintiff must

5

"place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier*, 238 F.3d at 742 (internal quotation marks omitted).

If the plaintiff satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847). To satisfy this part of the analysis, the plaintiff must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 813 (6th Cir. 2005).

Baker's claim fails on both the objective and subjective components. Regarding the objective component, Baker's September 2, 2022 kite did not indicate an emergent need for dental care. While Baker indicated that he had previously kited about the tooth in June 2022, he did not indicate that he was in pain. (ECF No. 25-4 at PageID.182.) Thus, the claim is most appropriately analyzed as one based on delay in treatment. For this type of claim, a plaintiff "'must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment[.]'" *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (quoting *Napier*, 238 F.3d at 742); *see also Dixon v. Hall*, No. 14-6466, 2016 WL 11781885, at *3 (6th Cir. Apr. 5, 2016) (stating that "a prisoner suffering from pain must show that a delay in receiving treatment had a detrimental effect or that the medical provider knew that a detrimental effect was likely to occur") (citing *Jones v. Muskegon Cnty.*, 625 F.3d 935, 945 (6th Cir. 2010)). The Sixth Circuit has held

that expert testimony is usually required for this showing. *Phillips v. Tangilag*, 14 F.4th 524, 536 (6th Cir. 2021). Here, Baker has not presented the requisite evidence to establish a detrimental effect from the delay in treatment of his tooth. Therefore, the objective component is not established.

As for the subjective component, Defendant Velmer has shown by affidavit that she is not permitted to diagnose patients or move them up or down the schedule list. She must rely on a dentist to determine whether a dental issue needs immediate or more timely attention. Regardless, when Velmer received Baker's September 2, 2022 kite, she reviewed the scheduling system and saw that Baker was on the list to be called out for a filling. She provided this information to Baker the same day. (ECF No. 25- at PageID.191.) When Velmer received Baker's January 6, 2023 kite indicating that he was in pain and still had not been called out for his filling, she added him to the emergency list and he was seen the same day for an emergency triage appointment. (*Id.*) As discussed above, the dentist prescribed antibiotics and pain medicine. The dentist treated Baker's tooth four days later.

Given this set of facts, there is no indication that Defendant Velmer was aware of, and disregarded, a substantial risk of serious harm. The facts at issue are similar to those in *Vance v. Prison Health Services*, No. 2:10-cv-217, 2011 WL 4346507 (W.D. Mich. Sept. 15, 2011), in which the court found that the dental assistants were not deliberately indifferent to the plaintiff's dental need because they placed him on call out for evaluation by a dentist when he complained of tooth or jaw pain or when he indicated that he needed dental care. The court also noted that the plaintiff failed to demonstrate that the defendants were responsible for evaluating his dental problems or were the cause of any delay in his treatment. *Id.* at *5; *see also Dykes v. Downs*, No. 2:18-cv-11751, 2019 WL 7821417, at *5 (E.D. Mich. Dec. 20, 2019), *adopted by* 2020 WL 514692

(E.D. Mich. Jan. 31, 2020) (holding that the dental assistant appropriately performed her job duties by responding to the plaintiff's kite, scheduling an appointment with the dentist, and taking x-rays). The same is true here for Defendant Velmer.[2]

### IV.   Conclusion

For the foregoing reasons, I recommend that the Court **GRANT** Defendant Velmer's Motion for Summary Judgment (ECF No. 24) and **dismiss** Baker's complaint with prejudice.

Dated: March 30, 2026                             /s/ Sally J. Berens
                                          SALLY J. BERENS
                                          U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[2] Because I conclude that Baker's Eighth Amendment rights were not violated, I find it unnecessary to address Defendant Velmer's qualified immunity argument.